

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| DARRYL B. SEGRAVES, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:08-3855-HFF-JRM |
| | § | |
| SPARTANBURG COUNTY DETENTION | § | |
| CENTER, LARRY W. POWERS, U.S. DEPT. | § | |
| OF JUSTICE, and U.S. MARSHALL, | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that only the Spartanburg County Detention Center be summarily dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 11, 2008, and the Clerk of Court entered Plaintiff's objections to the Report on December 29, 2008.

In his objections, Plaintiff argues that the Magistrate Judge's Report is internally inconsistent. (Pl.'s Objections 2-3.) Specifically, Plaintiff points out that the Magistrate Judge found that the Spartanburg County Detention Center is not subject to suit, but, earlier on noted that "the United States Marshals Service contracts with the Spartanburg County Detention Center to house federal detainees." (Pl.'s Objections 2-3.) Plaintiff argues that if the Spartanburg County Detention Center can legally contract with another entity, then it should likewise be subject to suit as a legal entity. (Pl's Objections 3-4.)

Although creative and demonstrative of sound critical reading abilities, Plaintiff's objection misses the vital point of law: jails are not subject to suit under § 1983. *See Dudley v. Food Service-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007) (stating rule). Thus, Plaintiff's objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that only the Spartanburg County Detention Center be summarily DISMISSED *without prejudice* and without issuance and service of process. The case will proceed against the remaining defendants.

**IT IS SO ORDERED**.

Signed this 9th day of January, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3